UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES - GENERAL

| Case No. | CV 22-6956 PA (JCx) | Date | December 13, 2022 |
|---|---|---|---|
| Title | Gagik Nazaryan v. BMW of North America, LLC, et al. | | |

| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| Kamilla Sali-Suleyman | Not Reported | N/A |
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:** IN CHAMBERS ORDER

Before the Court is a Motion to Remand filed by Plaintiff Gagik Nazaryan ("Plaintiff"). (Docket No. 13.) Defendant BMW of North America, LLC ("Defendant") filed an Opposition, and Plaintiff filed a Reply. (Docket Nos. 23, 25.) Pursuant to Rule 78 of the Federal Rules of Civil Procedure and Local Rule 7-15, the Court finds this matter appropriate for decision without oral argument.

**I.  Background**

Plaintiff originally filed his Complaint against Defendant[1] in Los Angeles County Superior Court, Case No. 22STCV27657, on August 24, 2022, alleging two causes of action: (1) violation of the Song-Beverly Consumer Warranty Act, citing California Civil Code §§ 1793 and 1793.2; and (2) breach of implied warranties under the Song-Beverly Consumer Warranty Act, citing California Civil Code § 1791.1. (Docket No. 2-1.) Plaintiff alleges that, on or about December 14, 2020, he purchased a BMW vehicle ("Vehicle") from a dealership in Glendale, CA, and that purchase included Defendant's "express warranty." (Id. ¶¶ 7–8.) Plaintiff further alleges that the Vehicle had a defective convertible top that constituted a non-conformity under the Song-Beverly Consumer Warranty Act and Defendant failed to "correct, repair, replace or otherwise rectify, and agree to correct, repair, replace, or otherwise rectify" the nonconformity "within a reasonable time." (Id. ¶¶ 18–20.)

Defendant removed the action to this Court on September 26, 2022 based on diversity of citizenship. (Docket No. 2.) Defendant asserts that it is a citizen of Delaware and New Jersey because its sole member, BMW (US) Holding Corp., is incorporated under the laws of Delaware and its headquarters and principal place of business is located in New Jersey. (Id. at p. 8.) Defendant also states, in both its Opposition and Notice of Removal, that Plaintiff is a citizen of California because Plaintiff provided a California address on documents pertaining to the Subject Vehicle." (Id.; see also Docket No. 23 at pp. 5–6.) In support of this assertion,

---

[1]  Plaintiff also alleges both causes of action against Does 1-50.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
**CIVIL MINUTES - GENERAL**

| Case No. | CV 22-6956 PA (JCx) | Date | December 13, 2022 |
|---|---|---|---|
| Title | Gagik Nazaryan v. BMW of North America, LLC, et al. | | |

Defendant cites to the Vehicle's lease agreement and service records, which list Plaintiff's address as an address in Glendale, CA.  (See Docket Nos. 23 at pp. 5–6, 24-1, 24-2, and 24-3; see also Docket Nos. 2, 5, and 5-1.)[2/]

In Plaintiff's Motion, he asserts that "the Court should remand this action because Defendant has the burden of proving, by a preponderance of the evidence that the allegations contained in its Notice of Removal are true, and it cannot do so in this case."  (Docket No. 13 at p. 6.)

## II.     Legal Standard

Federal courts are courts of limited jurisdiction, having subject matter jurisdiction only over matters authorized by the Constitution and Congress.  Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377 (1994).  A suit filed in state court may be removed to federal court if the federal court would have had original jurisdiction over the suit.  28 U.S.C. § 1441(a).  A removed action must be remanded to state court if the federal court lacks subject matter jurisdiction.  28 U.S.C. § 1447(c).  "The removal statute is strictly construed against removal jurisdiction, and the burden of establishing federal jurisdiction falls to the party invoking the statute."  California ex rel. Lockyer v. Dynegy, Inc., 375 F.3d 831, 838 (9th Cir. 2004) (citing Ethridge v. Harbor House Rest., 861 F.2d 1389, 1393 (9th Cir. 1988)).  "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance.  Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992).

## III.    Analysis

In attempting to invoke this Court's diversity jurisdiction, Defendant must show by a preponderance of the evidence that there is complete diversity of citizenship between the parties and that the amount in controversy exceeds $75,000.  See 28 U.S.C. § 1332; Bashir v. Boeing Co., 245 F. App'x 574, 575 (9th Cir. 2007).  To establish citizenship for diversity purposes, a natural person must be a citizen of the United States and be domiciled in a particular state.  Kantor v. Wellesley Galleries, Ltd., 704 F.2d 1088, 1090 (9th Cir. 1983).  Persons are domiciled in the places they reside with the intent to remain or to which they intend to return.  See Kanter v. Warner-Lambert Co., 265 F.3d 853, 857 (9th Cir. 2001).  "For this reason, allegations of

---

[2/]     Plaintiff has filed evidentiary objections to portions of Defendant's counsel's declaration, most of which are boilerplate objections.  All objections to evidentiary materials relied on or cited in this Order are overruled.  All objections to evidentiary materials not cited or relied on in this Order are denied as moot.  See American Guard Services, Inc. v. First Mercury Insurance Co., 2017 WL 6039975, at n. 5 (C.D. Cal. Apr. 14, 2017).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
**CIVIL MINUTES - GENERAL**

| Case No. | CV 22-6956 PA (JCx) | Date | December 13, 2022 |
|---|---|---|---|
| Title | Gagik Nazaryan v. BMW of North America, LLC, et al. | | |

residence are not adequate to establish diversity." Carolina Cas. Ins. Co. v. Team Equipment, 741 F.3d 1082, 1087 (9th Cir. 2014); see also, Seven Resorts, Inc. v. Cantlen, 57 F.3d 771, 774 (9th Cir. 1995)).

In Defendant's Notice of Removal and Opposition, Defendant states that Plaintiff is a citizen of California because Plaintiff provided a California address on the documents pertaining to the Vehicle, such as the lease agreement and service records. (Docket Nos. 2 at p. 8, 23 at p. 5.) However, these addresses speak only to Plaintiff's residence, not his domicile. This Circuit has consistently held that for purposes of diversity jurisdiction a person residing in a state is not necessarily domiciled there and thus not a citizen of that state. Kanter v. Warner-Lambert Co., supra., 265 F.3d at 857; see also, Acridge v. Evangelical Luthern Good Samaritan Soc., 334 F.3d 444, 448 (5th Cir. 2003). Here, defendant has proffered only evidence of Plaintiff's residence and no evidence of the plaintiff's domiciliary intent. Finally, Defendant contends that Plaintiff's failure to prove that he is not a California citizen proves that he is. But this argument misses the mark, because it is Defendant's burden to show that diversity of citizenship exists, not Plaintiff's burden to show it does not.

Defendant has failed to meet its burden of demonstrating, by a preponderance of the evidence, Plaintiff's citizenship. See Middleton v Stephenson, 749 F.3d 1197, 1201-1202 (10th Cir. 2014) (domiciliary intent measured by objective factors: e.g., voting registration, driver's license, etc.); Altimore v. Mt. Mercy College, 420 F.3d 763, 768-769 (8th Cir. 2005). As a result, the Court is unable to determine whether complete diversity exists in this case. Accordingly, the Court finds that Defendant has not properly invoked this Court's diversity jurisdiction.[3/]

## **Conclusion**

For the foregoing reasons, Defendant has failed to meet its burden to demonstrate that federal subject matter jurisdiction exists over this action. Because the Court lacks subject matter

---

[3/] In its Opposition, Defendant argues: "To the extent that Plaintiff will improperly argue for the first time on reply that he is not a citizen of California, Plaintiff has waived this argument . . . ." (Docket No. 23 at p. 5.) However, in Plaintiff's Motion, he argued generally that "the Court should remand this action because Defendant has the burden of proving, by a preponderance of the evidence that the allegations contained in its Notice of Removal are true, and it cannot do so in this case." (Docket No. 13 at p. 6.) And, one of the allegations contained in Defendant's Notice of Removal is that Plaintiff is a citizen of California. (Docket No. 2 at p. 8.) Moreover, because Defendant raised the issue in its Opposition, Plaintiff is entitled to respond in his Reply. See Samson v. Nama Holdings, LLC, No. CV 09–01433 MMM (PJWx), 2009 WL 10674355, at *3, n. 4 (C.D. Cal. May 13, 2009) ("Where, as here, the non-moving party raises new issues in its opposition, . . . the reply provides the moving party sufficient opportunity to respond to any new issues raised by the non-moving party.").

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
**CIVIL MINUTES - GENERAL**

| Case No. | CV 22-6956 PA (JCx) | Date | December 13, 2022 |
|---|---|---|---|
| Title | Gagik Nazaryan v. BMW of North America, LLC, et al. | | |

jurisdiction, this action is hereby remanded to the Los Angeles County Superior Court, Case No. 22STCV27657.  See 28 U.S.C. § 1447(c).

    IT IS SO ORDERED.